McKinney, J.,
delivered the opinion of the Court.
The object of the bill is to subject a tract of land, alleged to ; be the property of the defendant, Joseph Bragg, to the satisfaction of a judgment for $185.65, *513 rendered against him by a justice, on the 29th of January, 1853, in favor of complainant, upon which execution was returned nulla bona.
It appears from the proof, that, perhaps, in the early part of the year 1852, the defendant, Joseph, purchased a tract of land of fifty acres from one S. E. Parker, at the price of $100, and took a deed to himself for the same, and, at the same time, executed his note to Parker for the consideration money; which note was transferred to one Silas Parker ; and it was paid, as the proof pretty clearly establishes, out of a fund belonging to the defendant, Elizabeth Bragg, wife of said Joseph Bragg.
The proof shows that Mrs. Bragg had a fund of $400 in the office of the Circuit Court of Rutherford, being her distributive portion of her deceased father’s estate.
On the 8th of March, 1852, she made a power of attorney authorizing her husband to receive said sum of money for her, and it was. paid to him accordingly. And out of this money, the proof makes it reasonably certain said land was paid for. Indeed, from the evidence, the husband had not means of his own to have paid for it.
It is proved by Parker, the vendor, that when the defendant, Joseph, first joroposed to purchase the land, he informed Parker that his wife’s money was to pay for it, and that “ she wanted the right in her own name.” And, from all the circumstances, there can be no reasonable doubt of the fact that the purchase was made upon an agreement between the husband and wife that it should be for her benefit, and the title be taken *514 in her name. The deed, however, which was prepared bj a stranger, was drawn in the name of the defendant, Joseph, and Avas executed accordingly by Parker. But this deed not having been proved or registered, it was afterwards destroyed; and, on the 3d of December, 1852, with the assent of all the parties, another deed was executed by Parker, conveying said land directly to the defendant, Elizabeth Bragg; Avhich deed was duly acknowledged, and noted for registration on the day after its date, and nearly two months prior to the date of complainant's judgment.
The joosition assumed by the complainant’s counsel is, that by the execution of the first deed — the question of intentional fraud aside — the vendor was divested of his legal estate, and the title became vested in Joseph Bragg; and that, notwithstanding his title may have been incomplete for want of probate and registration, yet the land was subject to be levied upon and sold for his debts, and that the destruction of the deed did not divest the title of the defendant, Joseph, or reinvest the vendor with any • interest in the land; and, consequently, it is insisted, the subsequent deed to Mrs-Bragg was inoperative, in law, to communicate any title to her.
In support of these views, Vance v. McNairy, 3 Yer., 171, and Shields v. Mitchell, 10 Yer., 1, are relied on.
It is lilceAyise insisted that the conveyance to the wife was a meditated fraud upon the creditors of the husband.
Upon this point of the case all that need be said is, that if the land were in fact purchased for the wife, *515 and paid for with her own money, in pursuance of an agreement between the husband and wife., founded upon a sufficient consideration, we do not perceive how the transaction can be considered fraudulent as against the husband’s creditors. That such an agreement between husband and wife would be valid, and that the husband might be constituted agent of the wife to make the purchase, can admit of no doubt. Powell v. Powell, 9 Hum., 477.
We do not question the correctness of the decisions in Vance v. McNairy and Shields v. Mitchell. As between a debtor, holding land by an unregistered deed of conveyance, and his creditors, it is well settled that the land thus held is subject to levy and sale by execution at law. But does this principle govern the present case ? If one empowered as agent, merely,, to purchase land for another, takes a title to himself,, either intentionally or by inadvertence, is he thereby vested with such a title as will subject the land to-seizure and sale for the satisfaction of his debts? Would not a Court of Equity unhesitatingly divest him of the title, and vest it in the principal, or direct the vendor, if a party, to execute a conveyance to the true owner of the land ? And if, without the intervention of a Court of Equity, the agent voluntarily disclaims and renounces all interest in the estate by parol declaration merely, and, hy the assent of all the parties,, the unregistered deed be destroyed, and a conveyance be thereupon executed to the real purchaser, upon what principle of law or equity can it be held that the latter is not clothed with a valid title to the land? Surely his right can not be prejudiced, nor his title destroyed *516 by tbe mistake or fraud, either of the agent or person dealing with such agent. And the application of the principle will not be varied by the fact, that the agent or nominal purchaser sustains a particular relation, as that of husband, to the person for whom the purchase was really made, and by whom the consideration money was in fact paid. This consideration may properly demand an increased vigilance in sifting the lona fides of the transaction, but it cannot change the operation of established principles of law.
But, if it were to be admitted, as argued for the complainant, that by the mere fact of the execution of the first deed to the defendant, Joseph Bragg, he became thereby so invested with the legal estate as that his creditors might subject the land, upon an execution at law; still, upon well settled principles of equity jurisprudence, a Court of Chancery would not actively interpose in favor of the husband’s creditors to aid them, in any way, in obtaining satisfaction out of the land, as against the equitable right of the wife, but would dismiss them to their legal remedy. And in this view, all other considerations aside, the complainant would be repelled.
The decree is, consequently, erroneous; and it will be reversed, and the bill be dismissed.